|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br><br>UNITED STATES OF AMERICA<br><br>        - v. -<br><br>JETMIR SULAJ,<br><br>        Defendant.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: _1-27-23_<br><br>CONSENT PRELIMINARY ORDER<br>OF FORFEITURE/<br><u>MONEY JUDGMENT</u><br><br>20 Cr. 660 (ALC) |

      WHEREAS, on or about December 7, 2020, JETMIR SULAJ (the "Defendant"), among others, was charged in two counts of an eleven-count Indictment, 20 Cr. 660 (ALC) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); and conspiracy to commit an offense against the United States, operation of illegal gambling businesses, in violation of Title 18, United States Code, Section 371 (Count Two);

      WHEREAS, the Indictment included, *inter alia,* a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

      WHEREAS, on or about September 14, 2022, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, a sum of money equal to $105,000 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $105,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Samuel L. Raymond and David Felton, of counsel, and the Defendant and his counsel, Ken Womble, Esq. and W. Dyer Halpern, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $105,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant JETMIR SULAJ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____           1/27/2023
SAMUEL L. RAYMOND                           DATE
DAVID FELTON
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-6519/2299


JETMIR SULAJ

By: _____           1/27/23
JETMIR SULAJ                                DATE


By: _____           1/27/23
KEN WOMBLE, ESQ.                            DATE
W. DYER HALPERN, ESQ.
Attorneys for Defendant


SO ORDERED:

_____               1/27/23
HONORABLE ANDREW L. CARTER, JR.            DATE
UNITED STATES DISTRICT JUDGE